*666 MEMORANDUM **
Yoon Suk Hong petitions for review of the IJ’s finding, affirmed by the BIA, that his conviction for grand theft was an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G) that rendered him removable. We deny the petition.
We review the question of whether a state statutory crime constitutes an aggravated felony de novo. See Ye v. INS, 214 F.3d 1128, 1131 (9th Cir.2000). A conviction under California Penal Code § 487(a) is not a categorical theft offense as defined in 8 U.S.C. § 1101(a)(43)(G), because a person can be convicted for the theft of services under California Penal Code § 487(a), while the generic definition of a theft offense does not include the theft of services. Cf. United States v. Corona-Sanchez, 291 F.3d 1201, 1208 (9th Cir.2002) (en banc), superseded on other grounds by U.S.S.G. § 2L1.2 cmt. n. 4 (2002). While a person also can be convicted under California Penal Code § 487(a) under an “aiding and abetting” theory of liability, see People v. Guzman, 45 Cal.App.4th 1023, 53 Cal.Rptr.2d 67, 69 (1996), the Supreme Court determined that the term “theft offense” in 8 U.S.C. § 1101(a)(43)(G) includes the crime of “aiding and abetting” a theft offense. See Gonzales v. Duenas-Alvarez, 549 U.S. 183, 185, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007).
Under a modified categorical analysis, the record of conviction establishes that Hong’s conviction falls within the generic definition of a “theft offense,” even though California Penal Code § 487(a) is overly inclusive. Hong admitted in his plea that he stole money, not services. Thus, Hong’s record of conviction does establish that his conviction falls within the generic definition of a “theft offense.”
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.